IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FRANCIS J. DOUGHERTY and<br>ELIZABETH F. DOUGHERTY,<br><br>    Plaintiffs,<br><br>v.<br><br>A.O. SMITH CORPORATION, et al.,<br><br>    Defendants. | Civ. No. 13-1972-SLR-SRF |

**MEMORANDUM**

At Wilmington this 8th day of September, 2014, having reviewed the Report and Recommendation issued by Magistrate Judge Sherry R. Fallon, as well as the objections filed by defendant Crane Company ("Crane") and plaintiffs' response thereto; the court accepts the recommendation of the Magistrate Judge for the reasons that follow:

1. Crane removed the above captioned state court asbestos litigation to this court pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Plaintiffs filed a motion to remand wherein they disclaimed and waived as the basis for any relief in this case: (1) "exposures that may have occurred during Mr. Dougherty's service in the United States Navy from 1945-1947" (D.I. 14 at 2); and (2) "all claims against Crane stemming from Mr. Dougherty's asbestos exposure from any federal government job site, and aboard Navy ships or any other military vessel" (D.I. 15 at 4).

2. Magistrate Judge Fallon, upon review of the motion to remand, first

determined that Crane had asserted a colorable federal defense to certain of plaintiffs' claims and, therefore, Crane's removal of this action was proper. Nevertheless, she concluded that remand was appropriate, pursuant to 28 U.S.C. § 1367(c), based on plaintiffs' post-removal disclaimer of any claims relative to Mr. Dougherty's alleged exposure to asbestos during his service in the U.S. Navy and on any federal job sites and vessels.

3. Crane argues generally in its objections that "an actual **dismissal** of parties or claims is required before supplemental jurisdiction can be declined under section 1367(c)(3)." (D.I. 47 at 3) (emphasis in original) Section 1367(c)(3) provides that "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Cited in support of Crane's argument is *Trustees of the Const. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). In that case, rather than dismissing the federal claim, the district court granted a default judgment in favor of the plaintiff. The Ninth Circuit determined that, because the federal claim was not dismissed, "the exercise of discretion was not authorized by § 1367(c)(3)." The Court went on to explain that, "even if the district court had the authority to exercise discretion and decline jurisdiction, it did not further the objectives of fairness and efficiency to do so," given that "the parties were essentially done with trial preparation." *Id.* at 926. Certainly the facts of this case are not similar to those reviewed by the Ninth Circuit.

4. Crane also cites to cases such as *Mellis v. Asbestos Corp., Ltd.*, Civ. No. 13-

2

3449 SBA, 2013 WL 4805746 (N.D. Cal. Sept. 9, 2013), which stand for the proposition that, once a plaintiff has voluntarily dismissed the defendant claiming the federal officer defense, "it is within the Court's discretion to retain or remand th[e] action." *Id.* at 2. In this regard, the district court in *Mellis* declined to retain jurisdiction over the action, "[g]iven the early stage of th[e] litigation." *Id.* To support its decision, the court quoted from *Murphy v. Kodz*, 351 F.2d 163 (9th Cir. 1965): "Where the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, it is . . . akin to making the tail wag the dog for the District Court to retain jurisdiction." *Id.* at 167.

5. The takeaway from these cases is that dismissal of claims and parties surely prompts the exercise of discretion contemplated in § 1367(c)(3), not that dismissal is the only prompt. Indeed, as analyzed by Magistrate Judge Fallon, multiple federal courts have invoked § 1367(c)(3) and remanded cases under the circumstances at bar, where a plaintiff expressly disclaims the claims upon which federal officer removal is based. *See, e.g., Westbrook v. Asbestos Defendants (BHC)*, Civ. No. 01-1661, 2001 WL 902642 (N.D. Cal. July 31, 2001); *Hopkins v. Buffalo Pumps, Inc.*, Civ. No. 09-181, 2009 WL 4496053 (D.R.I. Dec. 1, 2009); and *Frawley v. Gen. Elec. Co.*, Civ. No. 06-15395, 2007 WL 656857 (S.D.N.Y. Mar. 1, 2007). In *Wood v. Crane Co.*, Civ. No. 13-1868, 2014 WL 4100565 (4th Cir. Aug. 15, 2014), the Fourth Circuit Court of Appeals affirmed the decision of the district court to remand to state court the pending asbestos litigation once the plaintiff amended his complaint to abandon his claims regarding Crane Co. valves. The Court started its analysis with the principle that "a federal district

3

court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain." *Id.* at 3 (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988).

6. Consistent with the authority discussed above and in the Report and Recommendation, the court finds no error in the recommendation to remand to state court the above captioned case. Therefore, plaintiffs' motion to remand is granted. A separate order shall issue.

<u>/s/</u>
United States District Judge